IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John Bennett, | : | |
| Plaintiff | : | Civil Action 2:14-cv-1450 |
| v. | : | Judge Smith |
| Gary Mohr, Director of ODRC, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**INITIAL SCREENING**
**REPORT AND RECOMMENDATION**

Plaintiff John Bennett, an inmate at the Marion Correctional Institution ("MaCI"), brings this prisoner civil rights action under 42 U.S.C. §1983 alleging that defendant Thomas King, MaCI Librarian denied him access to the law library causing his federal habeas corpus petition to be dismissed as untimely. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cognizable claims, and to

---

[1]The full text of §1915A reads:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Named as defendants are Gary Mohr, Director of ODRC, Ed Voorhies, Operations Director of ODRC, David Bobby, Regional Director of ODRC, Denise L. Justice, Superintendent of OCSS, Gary Croft, Chief Inspector for ODRC, Jason Bunting, Warden for MaCI, Robert D. Smith, Inst. Inspector for MaCI, Terry Chatman, DWSS for MaCI, K. Paine, DWO for MaCI, James Rinehart, School Principle for MaCI, Major Grisham, Chief of Security for MaCI, First Shift Captain Blake for MaCI, First Shift Cartain Morgan for MaCI. Second Shift Captain Straker for MaCI, Second Shift Captain Sims for MaCI, Thomas King, Inst. Librarian for MaCI. The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted against all defendants except King and MaCI Warden Jason Bunting, and therefore **RECOMMENDS** dismissal of the complaint against them. The Magistrate Judge **FURTHER RECOMMENDS** at the initial screening stage that the complaint states claims for relief against King and Bunting.

The complaint alleges that King repeatedly denied plaintiff Bennett access to the law library, delayed his access to the law library, retaliated against him for the exercise of the

---

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

right of access to courts, created an unsafe/hostile environment, and ordered unreasonable searches of King for other inmates' legal work. Warden Jason Bunting is alleged to have been aware of King's unlawful conduct and to have condoned it. The allegations regarding the remaining defendants either lack specificity or fail to allege a claim against them.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly,* 550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

<u>Analysis</u>. The complaint fails to state claims for relief against defendants Mohr, Voorhies, Bobby, and Justice because it does not allege that they took any act to deprive King of a constitutional right. The complaint alleges they were "bosses" ultimately responsible for King's alleged unconstitutional acts. To establish liability under §1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). *Respondeat superior* is not a basis for liability. *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981);

3

*Rizzo v. Goode*, 423 U.S. 362, 371 (1976).  A supervisor is not liable unless the supervisor encouraged or somehow participated in the actionable events.  There is no liability under 42 U.S.C. §1983 for "mere failure to act."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Defendant Croft ODRC's Chief Inspector and Smith an MaCI Institutional Inspector conducted grievance investigations and resolved King's grievances to his dissatifaction. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged retaliatory behavior" cannot be liable under §1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982).

Defendants Chatman, Faine, Rinehart, Major Grisham, Captain Blake, Captain Morgan, Captain Straker, and Captain Sims are alleged to have been at best peripherally involved in King's alleged unlawful conduct. For example, the complaint alleges that defendant Faine allowed camp inmates (level one) to have library time at the same time as MaCI inmates (level two). Even if the allegation were assumed to be actionable, it does not allege that King suffered any cognizable injury as a result of Faine's conduct.

Similarly, defendant Chatman is alleged to have been interviewed during a grievance investigation and to have given–in King's view–inaccurate information to an investigator. Rinehart is alleged not to have staffed the library when King was not available to open it. The complaint further alleges that Rinehart determined that inmates whose library day fell on a holiday or who went to the library on a day there was an equipment malfunction could not get a make-up day. Neither allegation rises to the level of a constitutional deprivation. The remaining defendants were even more peripherally involved in King's

4

alleged actionable conduct.

The complaint does allege actionable claims against defendants Bunting and King. Prisoners have a right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821-24 (1977). However, it is not enough to allege that defendants denied a prisoner access to legal materials, the prisoner must show actual injury to be entitled to relief. *Lewis v. Casey,* 518 U.S. 343, 249-51 (1996). A complaint that merely alleges that the plaintiff was "prejudiced" and fails to allege "any specific or concrete prejudice to his cause" fails to state a claim for relief. *Pilgrim v. Littlefield,* 92 F.3d 413, 415-16 (6th Cir. 1996). *See, Stanley v. Vining,* 602 F.3d 767, 770 (6th Cir. 2010). In contrast, when the complaint alleges prejudice in a particular case, such as dismissal of an appeal because late mailing of a prisoner's claim of appeal by prison officials caused the it to be filed late, resulting in the dismissal of the appeal, it states a claim for relief. *Dorn v. Lafler,* 601 F.3d 439, 444 (6th Cir. 2010). Here the complaint alleges that King's conduct, which was condoned by Bunting, caused plaintiff to hiss the statute of limitations for filing a federal habeas corpus petition.

Accordingly, it is hereby **RECOMMENDED** that defendants Gary Mohr, Director of ODRC, Ed Voorhies, Operations Director of ODRC, David Bobby, Regional Director of ODRC, Denise L. Justice, Superintendent of OCSS, Gary Croft, Chief Inspector for ODRC, , Robert D. Smith, Inst. Inspector for MaCI, Terry Chatman, DWSS for MaCI, K. Paine, DWO for MaCI, James Rinehart, School Principle for MaCI, Major Grisham, Chief of Security for MaCI, First Shift Captain Blake for MaCI, First Shift Cartain Morgan for MaCI. Second Shift Captain Straker for MaCI, Second Shift Captain Sims for MaCI be **DISMISSED** because the complaint fails to state a claim for relief against them under 42 U.S.C. §1983. It is

5

**FURTHER RECOMMENDED** that this suit continue against defendants Jason Bunting and Thomas King.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  The defendants for whom this Report and Recommendation recommend dismissal  are not required to answer the complaint unless later ordered to do so by the Court. Defendants Bunting and King are ORDERED to answer or otherwise respond to the complaint within 45 days of being served with summons and complaint.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH 43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel<br>
United States Magistrate Judge