IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John Bennett, | : | |
| Plaintiff | : | Civil Action 2:14-cv-01450 |
| v. | : | Judge Smith |
| Gary Mohr, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

Plaintiff John Bennett, an inmate at the Marion Correctional Institution ("MaCI"),brings this prisoner civil rights action under 42 U.S.C. §1983 alleging that defendant Thomas King, MaCI Librarian denied him access to the law library causing his federal habeas corpus petition to be dismissed as untimely. This matter is before the Magistrate Judge for a report and recommendation on plaintiff John Bennett's October 24, 2014 motion for declaratory and injunctive relief (doc. 12) and his motion for a civil protection order and injunctions relief (doc. 13).

Plaintiff Bennett argues that he is in need of an immediate protection order for fear of retaliation such as transfer, placement in segregation, and interference from the legal law clerk. Plaintiff maintains that defendant Jason Bunting, the Warden, allows defendant Thomas King, the Institutional Librarian, to violates established policies, rules and prison regulations, which adversely affected his ability to file his writ of habeas corpus. He has been denied access to the word processor,  legal research

1

materials and the library. Plaintiff contends that the Warden has breached his duty of care to him by failing to acting his grievances. Plaintiff alleges that defendant King looked over his shoulder as he typed his writ of habeas corpus. Plaintiff also contends that he received only two law passes in over a two-month period.

Plaintiff further alleges that he was placed in segregation when he refused defendant King's request to see the documents he was submitting to the court. Plaintiff maintains that he has been subjected to "shake downs" in order to harass him. Plaintiff argues that the Warden has refused to act in response to grievances regarding access to the library.

In his motion for a civil protection order and injunctions relief (doc. 13) plaintiff seeks an order preventing defendant from retaliating against and moving him to another institution. Plaintiff is enrolled at the Marion Technical College, and he maintains that if he is moved to another institution it will disrupt his program. A transfer to another institution would impair his family's ability to visit him.

<u>Discussion</u>. A district court must assess four factors in deciding whether to issue a preliminary injunction: "(1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief." *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000). "The four considerations applicable to preliminary injunction decisions are

2

factors to be balanced, not prerequisites that must be met." *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

Plaintiff does not satisfy the requisites for a preliminary injunction because he has not established a substantial likelihood or probability of success on the merits. To establish liability under §1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). *Respondeat superior* is not a basis for liability. *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). A supervisor is not liable unless the supervisor encouraged or somehow participated in the actionable events. There is no liability under 42 U.S.C. §1983 for "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Furthermore, prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged retaliatory behavior" cannot be liable under §1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982).

Plaintiff has no constitutionally protected interest in remaining at the Marion Correctional Center. *See Montayne v. Haymes*, 427 U.S. 236, 242-43 (1976); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). The transfer of an inmate from one correctional institution to another is simply one of the "ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483 (1995).

Although plaintiff makes the conclusory allegation that defendants may retaliate against for him for his exercising his constitutional rights and his filing this lawsuit, that allegation is not supported by any facts from which the Court could conclude that defendants have acted with an intent to retaliate rather than require plaintiff to follow prison rules. Consequently, plaintiff has failed to demonstrate a likelihood that he will succeed on the merits of his retaliation allegation.

For the reasons stated above, the Magistrate Judge RECOMMENDS that plaintiff John Bennett's October 24, 2014 motion for declaratory and injunctive relief (doc. 12) and his motion for a civil protection order and injunctions relief (doc. 13) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel                    
United States Magistrate Judge
