IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John Bennett, | : | |
| Plaintiff | : | Civil Action 2:14-cv-01450 |
| v. | : | Judge Smith |
| Gary Mohr, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

Plaintiff John Bennett, an inmate at the Marion Correctional Institution ("MaCI"),brings this prisoner civil rights action under 42 U.S.C. §1983 alleging that defendant Thomas King, MaCI Librarian denied him access to the law library causing his federal habeas corpus petition to be dismissed as untimely. This matter is before the Magistrate Judge for a Report and Recommendation on defendant Warden Bunting's December 3, 2015 motion to dismiss (doc. 22).

I.   **Allegations in the Complaint**

In May 2012, three months prior to the deadline for filing his writ of habeas corpus, plaintiff filed an informal complaint resolution because he was not allowed to use the word processors and defendant King looked over his shoulder as he typed his writ. The disposition of plaintiff's grievance recommended that defendant King be on his post 10 minutes prior to the scheduled opening of the library and that the manner in

1

which inmates could access the library without legal passes be altered. The disposition further indicated that report was submitted concerning violations of rules regarding appropriate supervision and legal services by King. *See* doc. 3-1 at PageID# 155. The disposition further stated that several complaints have been filed alleging that inmates do not receive legal passes after filing a complaint against King.

On June 28, 2012, plaintiff filed an informal complaint resolution stating that the library was closed only when Bennett's unit was scheduled for the library. The complaint alleges that defendant Bunting has been aware of this issue since 2012 but has failed to act to address it despite clear violations of Bennett's right to access the courts.

The complaint alleges that defendant Bunting was given many recommendations concerning King's behavior and that many of plaintiff's grievances were supported by evidence.

## II. Arguments of the Parties

### A. Defendant Warden Bunting

Defendant Bunting maintains that the only allegations regarding him are that he received a report regarding defendant King's conduct and did not act on that report; knew about plaintiff's issues with King because Bennett had submitted informal complaints; and knew about the proceedings at the Rules Infraction Board and failed to act. Defendant argues that plaintiff fails to state a claim against him because Section 1983 liability cannot be premised on *respondeat superior* or his alleged role in the grievance process. Defendant argues that because plaintiff's claims against him are

premised on his alleged failure to correct the misdeeds of defendant King, the claims must be dismissed. Plaintiff acknowledges that other individuals ruled on plaintiff's complaints and grievances, and he does not even attempt to show how or why the warden would have been aware of his complaints and grievances.

Defendant also argues that plaintiff has to allege that Bunting did more than play a passive role in the alleged violations or show mere tacit approval of his employee's conduct.

### B.     Plaintiff John Bennett

Plaintiff argues that nearly every grievance states that "a report has been submitted to the warden with a recommendation that there is a violation . . . ". Plaintiff maintains that the exhibits demonstrate that the warden was aware of his informal complaints and grievances. Plaintiff contends that acts of omissions are actionable if it causes a constitutional violation. Because defendant Bunting knew about King's violations since 2012, Bunting had a duty as his supervisor and under the Ohio and United States constitutions to prevent constitutional violations from occurring. Instead, Bunting did nothing to prevent these violations. Plaintiff maintains that even though prison officials were faced allegations of constitutional violations, it was the custom of the warden not to discipline prison staff who violating inmates' rights.

Plaintiff argues that had defendant Bunting performed his job duty to correct violations, plaintiff would have able to timely file his writ of habeas corpus. Plaintiff maintains that Bunting allowed King to retaliate against plaintiff, and plaintiff was

3

placed in administrative segregation as a result of King's false conduct report. Bunting permitted King to copy plaintiff's outgoing submissions to the court.

Plaintiff argues that Bunting had an affirmative duty to not allow prison staff to hinder his access to the courts.

### III. Motion to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to

4

offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981).  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at 155-56.

IV.   **Discussion**

To establish liability under §1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).  *Respondeat superior* is not a basis for liability.  *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).  A supervisor is not liable unless the supervisor encouraged or somehow participated in the actionable events.  There is no liability under 42 U.S.C. §1983 for "mere failure to act."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Rather, a supervisor must have "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*. (quoting *Hays v. Jefferson County, Ky.*, 688 F.2d 869, 874 (6th. Cir. 1982). Furthermore, prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged retaliatory behavior" cannot be liable under §1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982).

Although respondeat superior or the denial of grievances cannot be a basis for imposing § 1983 liability, here the complaint alleges that the repeated failure of defendant Bunting to address multiple grievances, which had been found to raise meritorious claims, rise to the level of knowing acquiescence and implicit authorization of the allegedly unconstitutional acts of defendant King. Plaintiff maintains that given the number of grievances filed by him and other inmates, it is clear that the warden allowed constitutional violations to continue.

The August 9, 2012 disposition of grievance states:

> Mr. Bennett, it has been an ongoing complaint pertaining to Mr. King no tallowing offenders on the word processors until he deems necessary until he give the legal passes a chance to get on them. A report has been submitted to the warden with a recommendation that Mr. King be on his post 10 minutes prior to the scheduled time that the library is supposed to be opened and offenders allowed to enter according to all other areas that have passes. . . . I have been getting several complaints through the last year about when they file complaints against Mr. King they do not get legal passes. I reviewed his kite log from 05/02/12 to 07/30/12 and during this time frame offender only received 2 legal passes. From 02/23/12 to 07/03/12. He has written 6 ICR's pertaining to the library and 1 NOG. A report has been submitted with a recommendation that there is a violation of AR 5120-9-04 Appropriate Supervision and violation of 59-LEG-01 Legal Services. Thanks for all your cooperation and it will be submitted to Mr. Schneider, the School Administrator for violation of AR 5120-9-31 the Inmate Grievance Procedure for not properly investigating ICRs.

Doc. 3-1 at PageID# 155. An August 17, 2012 disposition of grievance stated:

> I find partial merit to your complaint about Mr. King for not allowing general population in the leal section in a timely manner. Plus I advised him that when he writes a ticket pertaining to doing someone else's legal work that he needs to follow policy and send it to the contraband vault. A

> report will be submitted to Warden pertaining to several issues with Mr. King that appropriate action be taken.

*Id.* at PageID# 160. A December 10, 2012 disposition of grievance stated:

> Mr. Bennett, you have made several complaints pertaining to Mr. Schneider not properly responding to your complaints. I attempted several times to have him re-investigate your complaints that were improperly investigated to no avail. This office finds violation of AR 5120-9-31 the Inmate Grievance Procedure and policy 58-LIB-01 Comprehensive Library Services. A report has been submitted to the Warden with a recommendation that appropriate action be taken.

*Id.* at PageID# 162. A February 11, 2013 disposition of grievance stated:

> I have recently reported to the Warden pertaining to Mr. King, not opening the library in a timely manner. Plus, I will add in this report that Mr. King[] closes the library down when he has to write a conduct report on an offender. The Inspector's office finds merit that Mr. King was in violation of 58-LIB-01 Comprehensive Library Services. A report has been submitted to the Warden with a recommendation that appropriate action be taken.

*Id.* at PageID# 172.  Reports were also sent to the warden on August 20, 2012, October 19, 2012, December 27, 2012, August 31, 2013, September 9, 2013, November 4, 2013, December 2, 2013, and April 14, 2014. *See id.* at PageID# 233, 232, 228, 180, 178, 182. 184, and 187.

While there were a number of grievances filed by plaintiff that were without merit, plaintiff has identified a number of occasions where the warden was alerted to what appears to be an ongoing problem with the library. I believe that plaintiff has adequately stated a claim against the warden on the basis of plaintiff's repeated complaints, which resulted in numerous reports and recommendations being submitted

to the warden. The complaint alleges despite these repeated reports and recommendations, the warden failed to address the conduct of King supporting plaintiff's claim that the warden implicitly authorized or acquiesced in the unconstitutional conduct.

### V.     Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that defendant Warden Bunting's December 3, 2015 motion to dismiss (doc. 22) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel                    
United States Magistrate Judge
