UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN BENNETT,

    **Plaintiff,**

    v.

GARY MOHR, *et al.*,

    **Defendants.**

Civil Action 2:14-cv-1450
Judge George C. Smith
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECCOMENDATION

This matter is before the Court for consideration of Defendants' Motion for Summary Judgment (ECF No. 89), Plaintiff's Memorandum in Opposition (ECF No. 98), Defendants' Reply in Support (ECF No. 99), and Plaintiff's Sur Reply in Opposition. (ECF No. 101.)  For the reasons that follow it is **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED**.

### I.    BACKGROUND

Plaintiff, John Bennet, a former prison inmate under the custody and control of the Ohio Department of Rehabilitation and Correction ("ODRC"), was incarcerated at Marion Correctional Institution ("MCI").  He brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging that he was denied access to the library, which he alleges in turn interfered with his First Amendment right of access to the courts.  Plaintiff filed the instant action on September 4, 2014, asserting claims against eighteen ODRC and MCI employees alleging, *inter alia* that the Defendants violated his First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendment rights. (Compl. ECF Nos. 1, 3.)  Following an initial screen, the Court dismissed all Defendants on all

claims except as against Defendant Thomas King ("Defendant King"), MCI's librarian and MCI's Warden, Defendant Jason Bunting ("Defendant Bunting"). The Court determined that Plaintiff could proceed with a First Amendment claim against Defendants King and Bunting to the extent that Plaintiff alleged Defendants King and Bunting denied him access to the MCI law library, causing Plaintiff's federal habeas corpus petition to be dismissed as untimely. (Order, ECF No. 21.) Magistrate Judge Abel summarized Plaintiff's allegations against Defendants King and Bunting (collectively "Defendants") as follows:

> The complaint alleges that King repeatedly denied plaintiff Bennett access to the law library, delayed his access to the law library, retaliated against him for the exercise of the right of access to courts, created an unsafe/hostile environment, and ordered unreasonable searches of King for other inmates' legal work. Warden Jason Bunting is alleged to have been aware of King's unlawful conduct and to have condoned it.

(Oct. 7, 2014 Report & Rec. 2–3, ECF No. 4.) Magistrate Judge Abel also noted that Plaintiff alleged that Defendants' conduct had caused him to miss the statute of limitations for filing a federal habeas corpus petition. (*Id*. at 5.)

Plaintiff contends that from May 2012 through October 2014, he was denied access to the law library. He claims that between August 25, 2011 and August 27, 2012 the library was closed a total of 150 days. (Plaintiff's Supplemental Memorandum in Opposition ("Supp. Opp.") at 2, ECF No. 101.) As a result of the alleged denial of access, Plaintiff contends that he had to file his habeas corpus petition late, on January 9, 2013 instead of August 27, 2012, resulting in the dismissal of his complaint due to its untimely nature. (*Id.*)

Defendants counter that Plaintiff was been given sufficient access to the law library, and they therefore did not prevent Plaintiff's access to the Courts in violation of the First Amendment. (Defendants' Motion for Summary Judgment ("Defs.' Mot. Summ. J.") at 17–19, ECF No. 89.) Alternatively, Defendants contend that Plaintiff did not suffer an injury because

2

his habeas corpus petition was filed late not because he did not have access to the law library, but because of Plaintiff's own error in calculating the statute of limitations. (*Id.* at 3–4.) Defendants further argue that Plaintiff's claims are barred by the Prison Litigation Reform Act ("PLRA") because Plaintiff did not exhaust his administrative remedies. (*Id.* at 8–17.)

## II.   Standard of Review

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). In considering the factual allegations and evidence presented in a motion for summary judgment,

the Court must "afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III. Analysis

Plaintiff brings his claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under § 1983 must allege that the deprivation of his rights was intentional or at least the result of gross negligence. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under § 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

As a threshold matter, the parties do not dispute that Defendants acted under color of state law. Plaintiff argues that Defendants have violated his First Amendment right of access to

4

the courts.  In their motion for summary judgment, Defendants contend that they have not caused a deprivation of Plaintiff's federal right.

Prisoners have a constitutional right of access to the courts.  *Colvin v. Schaublin*, 31 F. App'x 170, 172 (6th Cir. 2002).  To ensure proper access to the courts, prisoners retain a right of access to the prison law library.  *Lewis v. Casey*, 518 U.S. 343, 346 (1996).  However, "restricted access to the law library is not *per se* denial of access to the courts, a prisoner seeking relief for nonfrivolous claims in the courts can bring an action where the restricted access is such that the prisoner can demonstrate an actual injury."  *Colvin*, 31 F. App'x at 172 (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985) (quoting *Twyman v. Crisp*, 584 F.2d 352, 357 (10th Cir. 1978)).  In order to demonstrate an actual injury, an inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced.  *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994).   The prisoner must also show that the restricted access is not due to prison regulations "reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 361 ("The district court made much of the fact that lockdown prisoners routinely experience delays in receiving legal materials or legal assistance, some as long as 16 days, but so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury.")

Plaintiff alleges that Defendant King denied him access to the law library causing his federal habeas corpus petition to be dismissed as untimely and that Defendant allowed Defendant King to violate established policies, rules and prison regulations, which adversely affected his ability to file his petition for habeas relief.

Plaintiff filed his habeas corpus petition on January 9, 2013. On February 25, 2014, the Court dismissed five of the grounds set forth in the petition as time-barred and two of the grounds as procedurally defaulted and/or for lack of merit. (Exhibit SS, ECF No. 3-1.) The Court concluded that Plaintiff's habeas petition was due "at the latest" on August 27, 2012. (Exhibit SS, PAGEID #: 212.) As a result, Plaintiff could only have suffered a recognizable injury from lack of access to the library up until August 27, 2012.

In response to Plaintiff's allegations, Defendants submitted evidence reflecting Plaintiff's access and use of the law library during the relevant time period. The Undersigned's review of the library sign-in sheets, provided by Defendants as Exhibit 21, reveals that Plaintiff visited the library: Five times in August 2011, seven times in September 2011, fifteen times in October 2011, eighteen times in November 2011, fourteen times in December 2011, eighteen times in January 2012, eighteen times in February 2012, sixteen times in March 2012, sixteen times in April 2012, fifteen times in May 2012, fourteen times in June 2012, ten times in July 2012, and seventeen times in August 2012. (Exhibit 21, ECF No. 89-21.) Moreover, the library sign-in sheets only reflect Plaintiff's actual use of the library. Defendants contend that while Plaintiff took advantage of his library access as reflected in the sign-in sheets, he personally had access to the library on 258 days between August 27, 2011 and August 27, 2012. (Defendants' Reply in Support ("Defs.' Reply") at 6, ECF No. 99.)[1] Defendants accordingly assert that because Plaintiff was clearly allowed access to the library on a regular basis between August 2011 and August 2012, no genuine issue of material fact exists supporting Plaintiff's claim that he failed to

---

[1] As discussed at length in the Habeas Order dismissing Plaintiff's petition, his numerous habeas filings from the at-issue time period further illustrate he had ample access to the library. The filings include a June 17, 2011 notice of appeal to the Ohio Supreme Court, a July 15, 2011 application to reopen his appeal, and an August 9, 2012 motion to correct his sentence. (ECF No. 1-2 at PAGEID #: 563–64.)

6

timely file his habeas corpus petition because Defendants denied him access to the law library. Defendants' argument is well taken.

The Undersigned acknowledges that according to Plaintiff's various grievances and the disposition of a few of his grievances, there were times the library was closed or Defendant King opened the library late, which in effect prevented Plaintiff from visiting the library on those dates. (Pl.'s Opp. at 4–6.) There is, however, no "general constitutional right to some minimum amount of time in the prison law library." *Walker*, 771 F.2d at 932. Rather, a plaintiff must demonstrate that a lack of library time hindered his efforts to pursue a nonfrivolous legal claim. *Lewis v. Unknown Deblock*, No. 1:02-CV-195, 2002 U.S. Dist. LEXIS 29025, at *5 (W.D. Mich. May 1, 2002) (citing *Lewis*, 518 U.S. at 351–53.) Based on the evidence put forward by Defendants, the Undersigned concludes that there is no genuine issue of material fact Plaintiff had meaningful access to the prison's law library such that his habeas corpus petition was not filed in an untimely manner due to a lack of library access.[2]

### IV.   CONCLUSION

For the reasons explained above, the Undersigned **RECOMMENDS** that Defendants' Motion for Summary Judgment be **GRANTED.**[3]

---

[2] Because of this conclusion, the Undersigned will not address Defendant's arguments in favor of summary judgment for Plaintiff's failure to exhaust his administrative remedies and for qualified immunity. (Defs.'s Summ. J. at 8–17.) Should the District Judge be inclined not to adopt the Report and Recommendation, those issues should be recommitted to the Undersigned for consideration.

[3] To the extent Plaintiff asserts claims for injunctive relief, it is **RECOMMENDED** that those claims be **DISMISSED** as **MOOT** due to Plaintiff's release from incarceration. When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct seeking declaratory and injunctive relief and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot. *Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70, 563 U.S. 277 (2011) (citations omitted) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties' objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

---

adjudication on the merits."); *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same). This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993).

**IT IS SO ORDERED.**

Date: July 19, 2017 /s/ Elizabeth A. Preston Deavers
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE